# Smith *versus* Davis.

1. The word "money," in a will, may be construed to mean cash, or may stand for the whole personal estate; and is to be received in the one or the other sense, as will best effectuate the general intention of the testator, deduced from every part of the will.

2. Where a testator bequeathed to his daughter, household goods, a horse and cow, " and also one-third of the remainder or balance of money that may be left after paying all my just debts and funeral expenses ;" and his intention was manifestly to divide his personal estate equally between his two children; *Held,* that the nature of his personal estate rendering such a construction necessary to effectuate· his intention, the word "money" must be construed to mean '' personalty."

THE facts are sufficiently stated in the opinion of the court, delivered by

WOODWARD, J.—Samuel Davis, by his will, bequeathed to his daughter Elizabeth, household furniture, a horse and cow, " and also one-third of the remainder or balance of money that may be left after paying all my just debts and funeral expenses."

The question is, whether that was a bequest of one-third of the balance of cash on hand at his death, after paying debts, or of a third of the balance of the whole personal estate. If the former were intended, Elizabeth took nothing under this clause of her father's will, for the debts and funeral expenses amounted to $627.00½, whilst the cash on hand amounted to only $445.19, and the debts due to· him to $179.25; and if this sum be included in the word money, and added to the cash on hand, the aggregate will not equal the amount of debts and funeral expenses. But if a third of the residuum of· the whole personal estate were meant to be given, it is agreed that it amounts to $383.55½, and is in the hands of the administrator, as executor of his father's will, and that his administration account should be surcharged with that sum.

On such a question, adjudged cases are of no value, farther than to show, what the authorities abundantly prove, that the word *money*, in a will, may be construed to mean cash, or may stand for the whole personal estate, as the intention of the testator deduced from every part of the will, may seem to require.

[Smith *v.* Davis.]

It is to be received in its restricted and proper sense, or in its more enlarged signification, as it will best effectuate the general intention of the testator; and because wills differ more than men's faces, it can rarely happen that the construction given to this word in one will, shall help us any in interpreting its meaning in another.

Elizabeth was evidently a prominent object of the testator's bounty. She kept house for him—was unmarried; and that he meant to provide for her liberally, is shown by his giving her an equal interest with his son in the real estate. His affection and confidence were farther manifested by giving her his "household goods," and her choice of a horse and cow out of his stock, and by making her a joint executor of the will. He was a justice of the peace, accustomed to administer estates, and he wrote the will himself. These circumstances persuade powerfully to the conclusion that he meant to make his daughter equal with her brother in the personal as well as real estate; and that when he spoke of the "remainder or balance of money," he had in his mind an administered personal estate, which he knew, from his experience, must result in money.

He had a clear view of the value of his estate, for it is admitted that the eighteen-acre lot, and the "one-third of my plantation on which I now live," given to Elizabeth, are about equal to the other two-thirds of the plantation given to Samuel; and that construing the word money to refer to the residue of the personalty, will also make them equal sharers in the personal estate. We cannot doubt that such was his intention. Setting out with an equal devise of real estate to them, he would hardly discriminate *against* his daughter in dividing the personalty. At least we should need plain and unequivocal terms to persuade us of such an intention. We do not find them in this will. On the contrary, the terms when taken altogether, and in connection with the concessions in the case stated, leave no doubt whatever on our minds, that the clause "remainder or balance of money," means the remainder or balance of the whole personal estate, after payment of debts and funeral expenses.

The decree below, therefore, must be reversed.